DELL & WADE, *contra.*

---

THE NATIONAL PARK BANK *v.* BERRY, and *vice versa.*

1. An order granted by the court in a pending attachment case, reciting various facts as having transpired after the levy of the attachment, and adjudging as follows : "Ordered, therefore, on motion of the plaintiff, that the court has full jurisdiction in the premises, and that the action of the defendant amounts in law to a general appearance and a waiver of all questions as to the validity of the attachment, if any such ever existed"; and "that the case do proceed with liberty to the plaintiff to enter up a judgment against the defendant personally, and against the sureties on the bonds, for the amount of his recovery," is not a final judgment, and from it alone a writ of error to the Supreme Court could not be sued out either before or after the case was tried and finally disposed of. The passage of the order was matter for exception *pendente lite*, as the order did not terminate, nor would a refusal to grant it have terminated, the case.
2. The order cannot be treated as a judgment overruling a plea to the jurisdiction, as no such plea was filed. The bonds given by the defendant in attachment to dissolve the garnishments are no part of the pleadings, and a recital in the bonds, to the effect that the defendant denied the jurisdiction of the court to entertain the attachment and protested against the exercise of such jurisdiction, did not present the question of jurisdiction to the court for adjudication.                 *Writ of error dismissed.*

May 18, 1892.

Practice in Supreme Court.

Attachment on behalf of Berry against the National Park Bank of New York, was issued on April 27, 1891, and was levied by the service of garnishments, returnable to the August term of the city court of Richmond county. In July were filed in the office of the clerk of

that court bonds to dissolve the garnishments, executed
by the bank by Geo. A. Mercer, its attorney-at-law and
agent, as principal, and by certain others as securi-
ties, reciting the suing out of the attachment and the
service of the garnishments, that "said attachment so
levied is causing embarrassment to and interfering with
the business and transactions of said defendant, thus
rendering relief from the operation of the same neces-
sary," that "the statute of the United States forbids the
issuing of any attachment against a national banking
institution before final judgment in any suit, action or
proceeding in any State, county or municipal court, and
renders the same illegal and void," that "the said de-
fendant, the said National Park Bank of New York,
does not hereby in any way recognize the right of said
court to prosecute the said suit in any manner or form
against the said defendant, but executes this bond from
necessity only in order to relieve its assets from illegal
seizure, and for the benefit of its correspondents and
customers, and hereby protests against said proceeding
and the jurisdiction of said court," and that, "subject to
said protest and denial of jurisdiction, the defendant in
attachment and its securities acknowledge themselves
bound," etc. Thereafter at the August term the plain-
tiff filed a declaration, but no plea, answer or demurrer
was made or filed by the defendant. At the November
term the case was called in its order and was set for
jury trial ; and on November 24, on motion of the plain-
tiff's attorney, the court passed the order the material
portion of which is set out in the first head-note, and to
which the defendant took its bill of exceptions, "still
protesting against the jurisdiction of said court," and
assigning the following errors: (1) The statute of the
United States forbids the issuing of an attachment
against a national banking institution before final judg-
ment in any suit, action or proceeding in any State,

county or municipal court, and declares the same illegal and void; and therefore said court had no jurisdiction in said case. (2) The filing of the bonds aforesaid does not amount in law to a general appearance and a waiver of all questions as to the validity of the attachment. (3) There were no pleadings that would authorize the passing of any such order. This bill of exceptions specifies, as the parts of the record material to a clear understanding of the errors complained of, the attachment, the bonds to dissolve the garnishment, the declaration, and the order which is excepted to. The judge's certificate thereto is dated December 23, 1891. In the Supreme Court the defendant in error moved to dismiss the bill of exceptions, on the grounds, among others, that there is no exception to the final judgment; and that it does not appear from the record specified by plaintiff in error, that any final judgment has yet been rendered in the court below, the order excepted to being one *pendente lite*, and there being no averment of any action had thereunder.

The defendant in error took a cross-bill of exceptions to the passage of another order by the court, not material here. From this cross-bill it appears that after the passage of the order of November 24, the case proceeded, and after the introduction of evidence by the plaintiff, resulted in a verdict for him, upon which judgment in his favor was entered on November 25.

GEORGE A. MERCER, JOSEPH B. CUMMING and BRYAN CUMMING, for the bank.

FRANK H. MILLER and WILLIAM K. MILLER, *contra*.